OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Fred R. Frigo appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed his complaint brought against defendant Duane Steiner as barred by the statute of limitations.
 {¶ 2} Appellant assigns a single error to the trial court:
 {¶ 3} "The court of common pleas erred in granting steiner's motion to dismiss since the complaint of libel was timely filed on 4-14-2003."
 {¶ 4} In its judgment entry dismissing the action, filed November 8, 2003, the trial court found appellant filed his complaint on May 9, 2003. In the complaint, appellant alleged appellee had libeled him in April, 2002. The trial court found Ohio law required the appellant to file his complaint within one year.
 {¶ 5} Appellee moved to dismiss the complaint, and appellant responded by alleging he had prepared his complaint early in April, before the statute of limitations had expired, but the complaint had somehow been delayed in the mailing process, and not received by the clerk of courts until May 9, 2003.
 {¶ 6} The trial court concluded R.C. 2305.11 requires a complaint for libel, slander, or malicious prosecution must be commenced within a year after the cause of action occurred. For this reason, the trial court dismissed the case with prejudice.
 {¶ 7} Our standard of reviewing a trial court's dismissal pursuant to Civ. R. 12(B)(6) is de novo, because it presents a question of law.
 {¶ 8} The complaint states the alleged libel publications occurred on April 22, 2002 and April 23, 2002. The complaint was filed on May 9, 2003. Ohio law recognizes the doctrine of equitable tolling of an applicable statute of limitations only upon a showing of actual or constructive fraud by a party, for example, by representing the statute of limitations was longer than it actually was, promising a better settlement if a lawsuit was not filed, or other similar misrepresentations or conduct, see, e.g. Livingston v. Diocese of Cleveland (1998),126 Ohio App.3d 399.
 {¶ 9} We find the trial court did not err in holding the statute of limitations had run on this complaint.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 {¶ 12} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.